**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO MONTES SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL L. BENOV,<br><br>Respondent. | Case No. 1:14-cv-00720-LJO-SMS HC<br><br>ORDER DISMISSING PETITION FOR HABEAS CORPUS FOR LACK OF JURISDICTION |

On May 14, 2014, Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Taft Correctional Institution in Taft, California, where he is serving a mandatory minimum sentence of 240 months in prison, to be followed by ten years' supervised release. In or about 2003, Petitioner was convicted in the Federal District Court for the Central District of California of (1) conspiring to distribute 50 grams or more (422.9 grams) of methamphetamine in violation of 21 U.S.C. § 846 and (2) distributing more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841. He challenges the enhancement of his sentence pursuant to 28 U.S.C. § 851(c)(2), based on a prior drug trafficking conviction. Petitioner alleges a claim of actual innocence, contending that his

1

sentence was erroneously determined in light of the procedure set forth in *Deschamps v. United States*, 133 S.Ct. 2276 (2013), for evaluating sentencing enhancement under the Armed Career Criminal Act (18 U.S.C. § 924(e)).  Because Petitioner has used the wrong procedure to challenge his original sentence, the Court dismisses his petition without prejudice.

## DISCUSSION

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 ( 9th Cir. 2006).  In such cases, only the sentencing court has jurisdiction.  *Tripati*, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner does in this case.  *Tripati*, 843 F.2d at 1162.

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody.  *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).  But a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention.  *Stephens*, 464 F.3d at 897.  Restrictions on the availability of a § 2255 motion cannot be avoided by filing a petition under 28 U.S.C. § 2241.  *Id.*

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," however, he may nonetheless seek relief under § 2241.  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65.  The exception is very narrow.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is

procedurally barred.  *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956).

Section 2255 provides an inadequate and ineffective remedy, permitting a petitioner to proceed under § 2241, when (1) the petitioner makes an claim of actual innocence and (2) has never had an unobstructed procedural shot at presenting the claim.  *Stephens*, 464 F.3d at 898.  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Since Petitioner challenges the validity and constitutionality of the sentence imposed by the Central District of California rather than the administration of his sentence at Taft Correctional Institution, proper procedure required him to file a motion pursuant to § 2255 in the Central District rather than a petition pursuant to § 2241 in this Court.  Petitioner does not explicitly address this issue, simply arguing that his claim qualifies under the savings clause of § 1155 because he is actually innocent.

The petition does not set forth a proper claim of actual innocence.  In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the U.S. Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998).  *Stephens*, 464 U.S. at 898.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley*, 523 U.S. at 623 (*internal quotation marks omitted*).  The petitioner bears the burden of proof.  *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

In this case, Petitioner does not assert that he was factually innocent of the crimes of which he was convicted but challenges only the determination of his sentence in light of the Supreme Court's recent decision in *Deschamps v. United States*, 133 U.S. 2276 (2013).  The savings clause

requires him to prove that he is actually innocent of the crimes for which he was convicted, not that the sentence was erroneously imposed. *See Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. As a result, the § 2241 petition now before the Court does not fit within the exception of the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court. *Lorentsen*, 223 F.3d at 954. *See also Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008); *Stephens*, 464 F.3d at 898-99.

Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims. Because § 2241 is not the proper statute for raising Petitioner's claims, the Court must dismiss the petition for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

4

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

The Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 15, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

5